UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>DOOR TO DOOR STORAGE, INC.,<br><br>Debtor. | Case No. C17-1385RSM<br><br>Bankruptcy Case No. 16-15618<br><br>ORDER AFFIRMING BANKRUPTCY COURT |

This matter comes before the Court on appeal by LBJ Creekside, LLC ("LBJ") from an Order of the Bankruptcy Court for the Western District of Washington ("Bankruptcy Court") granting in part an administrative claim against debtor Door to Door Storage, Inc. ("Debtor" or "Door to Door"). Dkt. #6.

## I. BACKGROUND

On March 17, 2016, Door to Door Storage, Inc., and LBJ entered into a non-residential commercial lease for property located at Building 2, 20425 72nd Avenue, South Kent, Washington (the "Lease"). *See* Dkt. #9 at 12 – 13. The base rent was due on a monthly basis on the first day of each calendar month in the amount of $18,312. *Id.* at 12 and 14. On November 7, 2016, Debtor Door to Door filed a chapter 11 petition in the Bankruptcy Court. Dkt. #5-1 at 2.

ORDER AFFIRMING BANKRUPTCY COURT - 1

The parties agree that on May 17, 2017, the Bankruptcy Court entered an Order approving the sale of substantially all of Debtor's assets free and clear of liens and approved the assumption and/or rejection of certain contracts and leases. Pursuant to the terms of the Order, Debtor was to reject LBJ's unexpired lease and provide 10 days' written notice to LBJ before the rejection would be effective.

On May 23, 2017, LBJ received the written notice of rejection by Debtor, which notice was dated May 22, 2017. Dkt. #9 at 6–7. The notice said in relevant part:

> "…you are hereby provided notice that the Debtor is rejecting its non-residential real property lease with LBJ Creekside, LLC with respect to the premises located at Building 2, 20435 72nd Avenue South, Kent, Washington 98032 (the 'Lease') as of the date that is 10 days after the date of this notice (the 'Rejection Date')."

*Id.* The date 10 days after May 22, 2017, is June 1, 2017.

LBJ made an administrative claim for the entire month of June 2017. *Id.* at 3–5. Debtor objected to this claim, *id.* at 48–52, and the Bankruptcy Court sustained that objection, but did allow administrative rent on a pro-rated basis for one day of rent in June. *See id.* at 58–69. In doing so, the Bankruptcy Court specifically noted that the rejection date was June 1, 2017. *Id.* at 65. The Court rejected the application of cases cited by the parties, found that there was no binding Ninth Circuit authority, and "follow[ed] the majority of Courts that have adopted the proration, or accrual method, which follows the pre-Bankruptcy Code practice of prorating a debtor's rent payments due under a lease, regardless of the billing date." *Id*. at 66–67 (citing *In re Phar-Mor, Inc.,* 290 B.R. 319, 323-24 (Bankr. N.D. Ohio 2003). The Court noted that this outcome "serves the legislative intent of providing landlords with a current payment for current services without producing results that are inconsistent with the

Bankruptcy Code." *Id*. at 67 (citing *In re GCP CT School Acquisition, LLC*, 443 B.R. 243, 251 (Bankr. D. Mass. 2010)).

LBJ appealed, arguing that it is entitled to an administrative claim for the entire month of June 2017 pursuant to § 365(d)(3) of the Bankruptcy Code.

## II. DISCUSSION

The District Court has original subject matter jurisdiction over Debtor's chapter 11 case and over all civil proceedings arising in or related to the chapter 11 case. 28 U.S.C. § 1334. The District Court, acting in its appellate capacity, reviews the bankruptcy court's legal conclusion *de novo* and its factual determinations for clear error. *In re Olshan*, 356 P.3d 1078, 1083 (9th Cir. 2004). However, a bankruptcy court's order allowing or disallowing a proof of claim, including an administrative claim, is reviewed for abuse of discretion. *Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 707 (9th Cir. 1988); *Bitters v. Networks Elec. Corp. (In re Networks Elec. Corp.)*, 195 B.R. 92, 96 (9th Cir. BAP 1996). A bankruptcy court abused its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

As an initial matter, the Court agrees with the Bankruptcy Court's determination that the rejection date was June 1, 2017. The Debtor's notice was sent on May 22, stating that the rejection was effective ten days later. Although, the notice was not received until May 23, under Federal Rule of Bankruptcy Procedure 9006(f), adding time for mailing only occurs if there is a response allowed after the service. There was no response allowed, therefore it was served on May 22, 2017.

LBJ argues that it is entitled to an administrative claim for the entire month of June 2017 pursuant to § 365(d)(3) of the Bankruptcy Code. LBJ cites to the same cases before the Bankruptcy Court, namely *In re Koenig Sporting Goods Inc.*, 203 F.3d 986, 989 (6th Cir. 2000); *In re Montgomery Ward Holding Corp.*, 268 F.3d 205 (3rd Cir. 2011); *In re Cukierman*, 265 F.3d 846 (9th Cir. 2001); and *Pacific Atlantic Trading Company*, 27 F.3d 401, 405 (9th Cir. 1994). Dkt. #7. LBJ argues that *Cukierman* stands for the proposition that there is a "bright-line rule" that clearly provides that "all obligations due as of rejection are entitled to administrative priority." *Id*. at 8.

In Response, the Debtor argues that *Pacific-Atlantic Trading* "confirms that a landlord holds an administrative expense claim for the post-petition, pre-rejection time period under Bankruptcy Code section 365(d)(3), regardless of the value of the lease to the bankruptcy estate," and that this case "involved no issues relating to determination of the pre-rejection time period." Dkt. #8 at 9. Similarly, the Debtor dismisses *In re Cukierman,* stating that it "confirms that a landlord holds an administrative expense claim for postpetition obligations under a lease, even if they do not relate to the property, so long as they are designated as rent," and that this case "involved no issues relating to determination of the pre-rejection time period." *Id*. at 10. The Debtor cites to cases it cited before the Bankruptcy Court in support of its position that the Court should use the "accrual" or "proration" approach. *Id*. at 10–11 (citing, *inter alia*, *In re Treesource Industries, Inc.*, 363 F.3d 994, 2004 WL 764909 (9th Cir. 2004)). Although the Bankruptcy Court ignored these cases, it properly followed the majority of courts in applying the accrual approach to the LBJ administrative expense claim, according to the Debtor. The Debtor points out that the Bankruptcy Court followed the Ninth Circuit rule

that administrative expenses are to be construed narrowly. *Id.* at 13 (citing *In re Dak Industries*, 66 F.3d 1091, 1094 (9th Cit. 1995)).

The Court finds that the Bankruptcy Court did not abuse its discretion in rejecting in part LBJ's administrative claim. The Bankruptcy Court correctly determined that none of the cases cited by the parties were directly on point or binding, and followed the majority of Courts that have adopted the proration, or accrual method. LBJ has failed to convince the Court that this was the wrong legal standard to apply, or that the conclusion that the Debtor owed one day of rent was "illogical, implausible or without support in the record." *See TrafficSchool.com, supra*. Accordingly, the Bankruptcy Court's Order will be affirmed.

### III. CONCLUSION

For the reasons stated herein, the Bankruptcy Court's Order is AFFIRMED. This case is CLOSED.

DATED this 20th day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE